## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MARSHA SCHERER, derivatively on behalf
DIODES INCORPORATED,

       Plaintiff,

    v.

KEH-SHEW LU, RAYMOND SOONG, C.H.
CHEN, MICHAEL R. GIORDANO, L.P.
HSU, JOHN M. STITCH and MICHAEL K.C.
TSAI,

       Defendants,

-and-

DIODES INCORPORATED, a Delaware
Corporation,

       Nominal Defendant.

Case No. 1:13-cv-00358 (GMS)

## INDIVIDUAL DEFENDANTS' ANSWER TO THE AMENDED SHAREHOLDER
## DERIVATIVE AND CLASS ACTION COMPLAINT

Defendants Keh-Shew Lu ("Dr. Lu"), Raymond Soong, C.H. Chen, Michael R.

Giordano, L.P. Hsu, John M. Stich and Michael K.C. Tsai, by and through their undersigned

counsel, hereby respond to the Amended Stockholder's Derivative and Class Action Complaint

(the "Complaint") filed on March 5, 2013, as follows:

1.      Paragraph 1 of the Complaint merely contains plaintiff's description of this

action, to which no response is required.  To the extent that a response is required, defendants

deny the allegations in paragraph 1 of the Complaint.

2.      Defendants deny the allegations in paragraph 2 of the Complaint.

3.      Defendants deny the allegations in paragraph 3 of the Complaint, except that defendants admit that Dr. Lu was granted 196,000 options in each year from 2010 through 2012.

4.      Defendants deny the allegations in paragraph 4 of the Complaint, except that defendants admit that on April 13, 2010, April 15, 2011, and April 12, 2012, Diodes Incorporated ("Diodes" or the "Company") filed Schedule 14A Proxy Statements with the U.S. Securities and Exchange Commission ("SEC"), and respectfully refer the Court to such proxy statements (with exhibits) on file with the SEC for the complete contents thereof.

5.      Defendants deny the allegations in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      Paragraph 6 of the Complaint contains legal argument and conclusions to which no response is required.  To the extent that a response is required, defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 regarding plaintiff's citizenship and therefore deny the allegations in paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint contains legal argument and conclusions to which no response is required.  To the extent that a response is required, defendants admit the allegations in paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint contains legal argument and conclusions to which no response is required.  To the extent that a response is required, defendants admit the allegations in paragraph 8 of the Complaint.

## THE PARTIES

9.      Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore deny the allegations in paragraph 9 of the Complaint.

10.     Defendants admit the allegations in paragraph 10 of the Complaint.

11.     Defendants admit the allegations in paragraph 11 of the Complaint.

12.     Defendants admit the allegations in paragraph 12 of the Complaint, except that defendants deny that defendant Raymond Soong is a resident of Texas.

13.     Defendants admit the allegations in paragraph 13 of the Complaint.

14.     Defendants admit the allegations in paragraph 14 of the Complaint.

15.     Defendants admit the allegations in paragraph 15 of the Complaint.

16.     Defendants admit the allegations in paragraph 16 of the Complaint.

17.     Defendants admit the allegations in paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint contains plaintiff's designation of an abbreviation for the individual defendants, to which no response is required.  To the extent that a response is required, defendants deny the allegations in paragraph 18 of the Complaint.

## FURTHER SUBSTANTIVE ALLEGATIONS

### *The Incentive Plan*

19.     Defendants deny the allegations in paragraph 19 of the Complaint, except that defendants admit that in 2001 the 2001 Omnibus Equity Incentive Plan ("Incentive Plan") was adopted by the Board and approved by the Company's stockholders, and respectfully refer the Court to the Incentive Plan filed with the SEC for the complete contents thereof.

20.     Defendants deny the allegations in paragraph 20 of the Complaint, and respectfully refer the Court to the Incentive Plan filed with the SEC for the complete contents thereof.

21.     Defendants admit the allegations in paragraph 21 of the Complaint, and respectfully refer the Court to the Incentive Plan filed with the SEC for the complete contents thereof.

22.     Defendants admit the allegations in paragraph 22 of the Complaint.

23.     Defendants admit the allegations in paragraph 23 of the Complaint, and respectfully refer the Court to the Schedule 14A Proxy Statement (the "2009 Proxy") (with exhibits) filed with the SEC for the complete contents thereof.

24.     Defendants deny the allegations in paragraph 24 of the Complaint, except that defendants admit that on April 17, 2009 the Company filed the 2009 Proxy with the SEC in connection with its 2009 annual meeting of stockholders, and respectfully refer the Court to the 2009 Proxy (with exhibits) filed with the SEC for the complete contents thereof.  Defendants further admit that each of the defendants, other than defendant Tsai, was on the Board at the time of the 2009 annual meeting.

25.     Defendants deny the allegations in paragraph 25 of the Complaint, and respectfully refer the Court to the 2009 Proxy (with exhibits) filed with the SEC for the complete contents thereof.

26.     Defendants deny the allegations in paragraph 26 of the Complaint, except that defendants admit that a markup of the amended Incentive Plan was attached as an exhibit to the 2009 Proxy, and respectfully refer the Court to the 2009 Proxy (with exhibits) filed with the SEC for the complete contents thereof.

27.     Defendants deny the allegations in paragraph 27 of the Complaint, except that defendants admit that Diodes' stockholders approved the Incentive Plan, as amended, on May 28, 2009.

### The Ultra Vires Grants

28.     Defendants deny the allegations in paragraph 28 of the Complaint.

29.     Defendants admit the allegations in paragraph 29 of the Complaint.

30.     Defendants admit the allegations in paragraph 30 of the Complaint.

31.     Defendants admit the allegations in paragraph 31 of the Complaint.

32.     Defendants deny the allegations in paragraph 32 of the Complaint, except that defendants admit that Diodes' stockholders approved the Incentive Plan, as amended, on May 28, 2009.

33.     Paragraph 33 of the Complaint contains legal argument and conclusions to which no response is required.  To the extent that a response is required, defendants deny the allegations in paragraph 33 of the Complaint and aver that the Board and Dr. Lu have agreed that Dr. Lu will assert no claim to stock options granted to him in each of the years 2009, 2010, 2011 and 2012 to the extent that they are in excess of 100,000 shares, rendering this issue moot.

### The 2010, 2011 and 2012 Proxies are False and Misleading

34.     Defendants deny the allegations in paragraph 34 of the Complaint, except that defendants admit that on April 13, 2010, April 15, 2011, and April 12, 2012, Diodes filed Schedule 14A Proxy Statements with SEC, and respectfully refer the Court to such 2010, 2011 and 2012 proxy statements (with exhibits) on file with the SEC for the complete contents thereof.

35.     Defendants deny the allegations in paragraph 35 of the Complaint.

36.     Defendants deny the allegations in paragraph 36 of the Complaint, and respectfully refer the Court to the 2010, 2011 and 2012 proxy statements (with exhibits) on file with the SEC for the complete contents thereof.

37.     Defendants deny the allegations in paragraph 37 of the Complaint.

38.     Defendants deny the allegations in paragraph 38 of the Complaint, and respectfully refer the Court to the 2010, 2011 and 2012 proxy statements (with exhibits) on file with the SEC for the complete contents thereof.

39.     Paragraph 39 of the Complaint contains legal argument and conclusions to which no response is required.  To the extent that a response is required, defendants deny the allegations in paragraph 39 of the Complaint.

## DEMAND FUTILITY ALLEGATIONS

40.     Paragraph 40 of the Complaint contains legal argument and conclusions to which no response is required.  To the extent that a response is required, defendants deny the allegations in paragraph 40 of the Complaint.

41.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore deny the allegations in paragraph 41 of the Complaint.

42.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore deny the allegations in paragraph 42 of the Complaint.

43.     Defendants admit the allegations in paragraph 43 of the Complaint.

44.     Defendants deny the allegations in paragraph 44 of the Complaint, except that defendants admit plaintiff did not make a demand on the Board prior to instituting this action.

45.    Defendants deny the allegations in paragraph 45 of the Complaint.

46.    Defendants deny the allegations in paragraph 46 of the Complaint.

47.    Defendants deny the allegations in paragraph 47 of the Complaint and further aver that the Board and Dr. Lu have agreed that Dr. Lu will assert no claim to stock options granted to him in each of the years 2009, 2010, 2011 and 2012 to the extent that they are in excess of 100,000 shares, rendering this issue moot.

**COUNT I**

**Breach of Fiduciary Duty**

**(Against Defendants)**

48.    Defendants incorporate herein their responses to paragraphs 1-47 of the Complaint above.

49.    Paragraph 49 of the Complaint contains legal argument and conclusions to which no response is required.  To the extent that a response is required, defendants deny the allegations in paragraph 49 of the Complaint, except that defendants admit that the defendants, as members of the Board of the Company, owed the Company the fiduciary duties of loyalty, good faith and due care, and owed the Company's stockholders, in connection with a request for stockholder action, a duty of candor.

50.    Defendants deny the allegations in paragraph 50 of the Complaint and further aver that the Board and Dr. Lu have agreed that Dr. Lu will assert no claim to stock options granted to him in each of the years 2009, 2010, 2011 and 2012 to the extent that they are in excess of 100,000 shares, rendering this issue moot.

51.    Defendants deny the allegations in paragraph 51 of the Complaint.

52.     Defendants deny the allegations in paragraph 52 of the Complaint and further aver that the Board and Dr. Lu have agreed that Dr. Lu will assert no claim to stock options granted to him in each of the years 2009, 2010, 2011 and 2012 to the extent that they are in excess of 100,000 shares, rendering this issue moot.

53.     Defendants deny the allegations in paragraph 53 of the Complaint.

54.     Defendants deny the allegations in paragraph 54 of the Complaint and further aver that the Company's stockholders will have the opportunity at the annual meeting of stockholders scheduled for May 29, 2013, to cast their vote on all directors previously elected pursuant to allegedly false and misleading proxy statements pursuant to a new 2013 proxy statement that will disclose the matters raised by plaintiff in this action, rendering this issue moot.

55.     Paragraph 55 of the Complaint contains legal argument and conclusions to which no response is required.  To the extent that a response is required, defendants deny the allegations in paragraph 55 of the Complaint.

**COUNT II**

**Waste of Corporate Assets**

**(Against Defendants)**

56.     Defendants incorporate herein their responses to paragraphs 1-55 of the Complaint above.

57.     Defendants deny the allegations in paragraph 57 of the Complaint and further aver that the Board and Dr. Lu have agreed that Dr. Lu will assert no claim to stock options granted to him in each of the years 2009, 2010, 2011 and 2012 to the extent that they are in excess of 100,000 shares, rendering this issue moot.

58.     Defendants deny the allegations in paragraph 58 of the Complaint and further aver that the Board and Dr. Lu have agreed that Dr. Lu will assert no claim to stock options granted to him in each of the years 2009, 2010, 2011 and 2012 to the extent that they are in excess of 100,000 shares, rendering this issue moot.

59.     Defendants deny the allegations in paragraph 59 of the Complaint and further aver that the Board and Dr. Lu have agreed that Dr. Lu will assert no claim to stock options granted to him in each of the years 2009, 2010, 2011 and 2012 to the extent that they are in excess of 100,000 shares, rendering this issue moot.

## COUNT III

### Unjust Enrichment

### (Against Dr. Lu)

60.     Dr. Lu incorporates herein defendants' responses to paragraphs 1-59 of the Complaint above.

61.     Dr. Lu denies the allegations in paragraph 61 of the Complaint and further avers that he and the Board have agreed that he will assert no claim to stock options granted to him in each of the years 2009, 2010, 2011 and 2012 to the extent that they are in excess of 100,000 shares, rendering this issue moot.

62.     Dr. Lu denies the allegations in paragraph 62 of the Complaint and further avers that he and the Board have agreed that he will assert no claim to stock options granted to him in each of the years 2009, 2010, 2011 and 2012 to the extent that they are in excess of 100,000 shares, rendering this issue moot.

63.     Dr. Lu denies the allegations in paragraph 63 of the Complaint and further avers that he and the Board have agreed that he will assert no claim to stock options granted to him in

each of the years 2009, 2010, 2011 and 2012 to the extent that they are in excess of 100,000 shares, rendering this issue moot.

64.     Paragraph 64 of the Complaint contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Dr. Lu denies the allegations in paragraph 64 of the Complaint and further avers that he and the Board have agreed that he will assert no claim to stock options granted to him in each of the years 2009, 2010, 2011 and 2012 to the extent that they are in excess of 100,000 shares, rendering this issue moot.

65.     Paragraph 65 of the Complaint contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Dr. Lu denies the allegations in paragraph 65 of the Complaint.

## PRAYER FOR RELIEF

A.     Defendants deny that plaintiff is entitled to the relief sought in paragraph A of her Prayer for Relief and further aver that the Board and Dr. Lu have agreed that Dr. Lu will assert no claim to stock options granted to him in each of the years 2009, 2010, 2011 and 2012 to the extent that they are in excess of 100,000 shares, rendering this relief unnecessary.

B.     Defendants deny that plaintiff is entitled to the relief sought in paragraph B of her Prayer for Relief and further aver that the Board and Dr. Lu have agreed that Dr. Lu will assert no claim to stock options granted to him in each of the years 2009, 2010, 2011 and 2012 to the extent that they are in excess of 100,000 shares, rendering this relief unnecessary.

C.     Defendants deny that plaintiff is entitled to the relief sought in paragraph C of her Prayer for Relief and further aver that the Company's stockholders will have the opportunity at the annual meeting of stockholders scheduled for May 29, 2013, to cast their vote on all directors previously elected pursuant to allegedly false and misleading proxy statements pursuant to a new

2013 proxy statement that will disclose the matters raised by plaintiff in this action, rendering this relief unnecessary.

D.      Defendants deny that plaintiff is entitled to the relief sought in paragraph D of her Prayer for Relief and further aver that the Company's stockholders will have the opportunity at the annual meeting of stockholders scheduled for May 29, 2013, to cast their vote on all directors previously elected pursuant to allegedly false and misleading proxy statements pursuant to a new 2013 proxy statement that will disclose the matters raised by plaintiff in this action, rendering this relief unnecessary.

E.      Defendants deny that plaintiff is entitled to the relief sought in paragraph E of her Prayer for Relief.

F.      Defendants deny that plaintiff is entitled to the relief sought in paragraph F of her Prayer for Relief and further aver that the Board and Dr. Lu have agreed that Dr. Lu will assert no claim to stock options granted to him in each of the years 2009, 2010, 2011 and 2012 to the extent that they are in excess of 100,000 shares, rendering this relief unnecessary.

G.      Defendants deny that plaintiff is entitled to the relief sought in paragraph G of her Prayer for Relief and further aver that the Board and Dr. Lu have agreed that Dr. Lu will assert no claim to stock options granted to him in each of the years 2009, 2010, 2011 and 2012 to the extent that they are in excess of 100,000 shares, rendering this relief unnecessary.

H.      Defendants deny that Plaintiff is entitled to the relief sought in paragraph H of her Prayer for Relief.

I.      Defendants deny that plaintiff is entitled to the relief sought in paragraph I of her Prayer for Relief.

## AFFIRMATIVE DEFENSES

As separate and independent affirmative defenses, defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.    The Complaint and all claims set forth therein fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Business Judgment Rule)

2.    The Complaint and all claims set forth therein are barred by the application of the business judgment rule.

### THIRD AFFIRMATIVE DEFENSE

### (8 *Del. C.* § 141(e))

3.    The Complaint and all claims set forth therein are barred because the defendants are protected from liability under 8 *Del. C.* § 141(e).

### FOURTH AFFIRMATIVE DEFENSE

### (Lack of Damages)

4.    The Complaint and all claims set forth therein are barred because neither the Company nor its stockholders have suffered any damages as a result of any purported misconduct by the defendants.

### FIFTH AFFIRMATIVE DEFENSE

### (Mootness)

5.    The Complaint and all claims set forth therein are barred as moot because (a) the Board and Dr. Lu have agreed that Dr. Lu will assert no claim to stock options granted to him in

each of the years 2009, 2010, 2011 and 2012 to the extent that they are in excess of 100,000 and (b) the Company's stockholders will have the opportunity at the annual meeting of stockholders scheduled for May 29, 2013, to cast their vote on all directors previously elected pursuant to allegedly false and misleading proxy statements pursuant to a new 2013 proxy statement that will disclose the matters raised by plaintiff in this action.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Make a Demand on the Board/Lack of Demand Futility)

6.      The Complaint and all claims set forth therein are barred under Federal Rule of Civil Procedure 23.1 because plaintiff failed to make a demand on the Board and failed to plead sufficient facts in the Complaint to establish the futility of such demand.  Demand was not futile because a majority of members of the Board could have considered demand in an independent and disinterested manner.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

7.      The Complaint and all claims set forth therein are barred, in whole or in part, by the applicable statute(s) of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Remedies at Law)

8.      To the extent plaintiff is seeking equitable relief, the Complaint and all equitable claims set forth therein are barred by the availability of adequate remedies at law.

SMRH:408206311.3

RLF1 8436791v.1

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

9.      To the extent plaintiff is seeking equitable relief, the Complaint and all equitable claims set forth therein are barred by the doctrine of laches.

## OTHER AFFIRMATIVE DEFENSES

10.      Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they might have additional, as yet unstated, affirmative defenses. Defendants reserve the right to assert additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, defendants demand judgment dismissing this action in its entirety and granting such other and further relief as deemed just and proper.


                                                   /s/ Raymond J. DiCamillo

Of Counsel:                                        Raymond J. DiCamillo (#3188)
                                                   Scott W. Perkins (#5049)
John P. Stigi III                                  RICHARDS, LAYTON & FINGER, P.A.
SHEPPARD, MULLIN, RICHTER &                        920 North King Street
    HAMPTON LLP                                    Wilmington, Delaware 19801
1901 Avenue of the Stars, Suite 1600               Telephone: 302.651.7700
Los Angeles, California 90067-6055                 Facsimile: 302.651.7701
Telephone: 310.228.3700                            dicamillo@rlf.com
Facsimile: 310.228.3701                            sperkins@rlf.com
jstigi@sheppardmullin.com
                                                   *Counsel for Defendants Keh-Shew Lu,*
Dated:  April 3, 2013                              *Raymond Soong, C.H. Chen, Michael R.*
                                                   *Giordano, L.P. Hsu, John M. Stich and*
                                                   *Michael K.C. Tsai*

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2013, a true and correct copy of the foregoing document was served by electronic filing on the following counsel of record:

Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801


*/s/ Scott W. Perkins*
Scott W. Perkins (#5049)