```
 1                IN THE UNITED STATES DISTRICT COURT

 2                IN AND FOR THE DISTRICT OF DELAWARE

 3                             - - -

 4    MARSHA SCHERER, derivatively    )   Civil Action
      on behalf of DIODES             )
 5    INCORPORATED,                   )
                                      )
 6              Plaintiff,            )
                                      )
 7         V.                         )
                                      )
 8    KEH-SHEW LU, RAYMOND SOONG,     )
      C.H. CHEN, MICHAEL R. GIORDANO, )
 9    L.P. HSU, JOHN M STITCH and     )
      MICHAEL K.C. TSAI,              )
10                                    )
                Defendants,           )
11                                    )
           -and-                      )
12                                    )
      DIODES INCORPORATED, a          )
13    Delaware Corporation,           )
                                      )
14              Nominal Defendant.    )   No. 13-358-GMS

15                             - - -
                          Wilmington, Delaware
16                       Wednesday, July 29, 2014
                                10:05 a.m.
17                          Telephone Conference
                                 - - -
18
      BEFORE:  HONORABLE GREGORY M. SLEET, U.S.D.C.J.
19
      APPEARANCES:
20
               BRIAN E. FARNAN, ESQ.
21             Farnan LLP

22                                  Counsel for Plaintiff

23

24

25
```

```
 1     APPEARANCES CONTINUED:

 2            RAYMOND J. DiCAMILLO, ESQ.
              Richards, Layton & Finger, P.A.
 3                    -and-
              JOHN P. STIGI, III, ESQ.
 4            Sheppard, Mullin, Richter & Hampton LLP
              (Los Angeles, CA)
 5
                                Counsel for Defendants and
 6                              Nominal Defendants

 7                              - - -

 8            THE COURT:  Hi, counsel.  Who is on the line for

 9     plaintiff this morning?

10            MR. FARNAN:  Good morning, Your Honor.  Brian

11     Farnan on behalf of the plaintiff.

12            THE COURT:  Good morning, Mr. Farnan.

13            For defendant.

14            MR. DiCAMILLO:  Good morning, Your Honor.  It's

15     Raymond DiCamillo from Richards Layton & Finger for

16     defendants.  Also on the line is John Stigi from Sheppard

17     Mullin for defendants.

18            THE COURT:  Good morning.

19            I just have a pretty hopefully quick question.

20     I just wanted you to explain to me why the settlement -- I

21     think I know the answer, but I wanted to hear it from you,

22     counsel -- is pending my resolution of the outstanding

23     attorneys' fee motion.  You don't always see that.  But go

24     ahead.  At least that's the information I have, that you

25     have agreed to a dismissal of the action as moot subject to
```

```
 1    my adjudication of the plaintiff's motion for attorneys'
 2    fees.
 3                UNIDENTIFIED SPEAKER:  That's correct, Your
 4    Honor.
 5                THE COURT:  So the reason for that would be?
 6    You can't account for that in your settlement negotiation?
 7                I have a real parochial interest here,
 8    gentlemen.  I would like to see this case gone off my
 9    docket.  But if I have to resolve the motion before you can
10    finally put it to bed on your end, so be it.  I am just
11    trying to understand why and see if there is anything I can
12    do to help you toward a resolution.
13                MR. DiCAMILLO:  Your Honor, we certainly, before
14    bringing this matter to Your Honor's attention -- we hoped
15    to avoid having to bring it to your attention -- engaged in
16    negotiations over the attorneys' fees.  Quite honestly, they
17    weren't that productive, as you can see from the papers.  We
18    are quite a ways apart.  Plaintiffs are at 1.9 million and
19    defendants are at roughly 100,000.
20                With Your Honor's encouragement, we can
21    certainly go back and try again.  I will say I am not
22    optimistic.  But we are happy to do that.
23                THE COURT:  What was that gap again?
24                MR. DiCAMILLO:  1.9 million versus 100,000.
25                THE COURT:  There is a significant gap there.
```

1       **Go ahead.**

2                **MR. FARNAN:  Your Honor, I hear your message.**

3       **We are happy to talk to the defendants, and even maybe**

4       **mediate before Chief Magistrate Judge Thynge, if you think**

5       **that would be helpful.  We are all for trying to resolve**

6       **things without Your Honor's involvement.**

7                **THE COURT:  That would be good.**

8                **Let's see how to tee this up with the Magistrate**

9       **Judge.**

10               **Let me ask first, does the other side believe**

11      **that a neutral might be helpful to you?**

12               **MR. STIGI:  Ray, you are welcome to chime in.**

13      **This is John Stigi.  Forgive me for double-teaming a little.**

14      **I am a little more of the client contact on the ground here.**

15               **I can tell you we would be more than happy to do**

16      **what we can to try to resolve this and not have to bother**

17      **the Court with it.**

18               **While I would certainly want to confirm that**

19      **with my client, I know them well enough that they would**

20      **certainly be pleased to see if we can resolve it through**

21      **mediation or otherwise.**

22               **I would like to say for the record, this was**

23      **kind of important for us, this wasn't a settlement.  That's**

24      **not how this came about.  I heard the word settlement.  I**

25      **wanted to make sure we were crystal-clear that there was no**

1    settlement here, but, rather, mootness and the attorneys'
2    fees.
3              With that said, I am happy to press forward with
4    some certainty of the issues so we can get resolution.
5              THE COURT:  Point taken.  I do see in the
6    paragraph under Settlement it says "have not entered into
7    settlement."  My misspeak.  "Have agreed to the dismissal of
8    the action as moot, subject to adjudication of the
9    plaintiff's motion for attorneys' fees."
10             I stand corrected.
11             It may be helpful, then, to see if we can't get
12   you in front of the Chief Magistrate Judge.  I will tell you
13   what I will do.  I will have my staff reach out to Chief
14   Judge Magistrate Thynge's staff and determine her -- you are
15   ready to go.  Right?  She may ask you for some writing
16   regarding your positions.  I don't know that she will, given
17   the nature of the issue.  But you are ready to go into
18   discussion, right, with her?
19             MR. FARNAN:  Your Honor, yes.  It is all teed
20   up.  We can go as soon as you would like us to.
21             UNIDENTIFIED SPEAKER:  Defendants are ready as
22   well, Your Honor.
23             THE COURT:  Let's see what she has available.
24   It is likely what she is going to do is send me some
25   dates -- she has done this in a case the other day -- with

Case 1:13-cv-00358-GMS   Document 38   Filed 10/23/14   Page 6 of 8 PageID #: 859

6

```
 1      the instruction that you confer and select a date by -- in

 2      fact, my deputy is going to walk over to the computer for a

 3      moment, because I have some dates in an e-mail from her the

 4      other day.

 5                  Let me throw those out to you.  She is going to

 6      get the e-mail.

 7                  What the Chief Magistrate Judge does is she

 8      instructs -- and she gave the parties in this case, the

 9      drop-dead date for selection is August the 8th.  She invites

10      an e-mail, directly, either to her or Cathy Kennedy, I can't

11      remember which, notifying her of your selection.

12                  So Ms. Walker is just going to get that e-mail,

13      since I haven't committed it to memory.  Let's see, while I

14      have you both on the phone, if any of those dates might work

15      for you.

16                  Does that make sense for you?

17                  MR. FARNAN:  That's great.  Thank you, Your

18      Honor.

19                  THE COURT:  Bear with me a second.

20                  So here is what she said in this e-mail to me

21      yesterday.  She had, for these parties, offered October 22,

22      23, or 24, or October 27, 30, or 31.

23                  She says she is holding those dates on her

24      calendar until August 8.  I am not certain whether the

25      parties in that case have selected any of these dates.  But
```

```
 1    what we could do is, Ms. Walker can contact Ms. Kennedy and
 2    determine if that is the case.
 3                 Counsel, do any of those dates work for you?  Or
 4    do you need to confer with your clients?
 5                 MR. STIGI:  It's not even so much the clients.
 6    I would also need to confer with the insurance carrier,
 7    their availability.  At this point, going out into October,
 8    I would certainly do what I could to make myself available.
 9    I am sure through an exchange of three or four e-mails we
10    can come up with a date.
11                 THE COURT:  So do you need me to repeat the
12    dates?
13                 MR. STIGI:  Yes, that would be great.
14                 THE COURT:  October 22, 23, or 24 is one block.
15    Then the 27th, 30th, and 31.
16                 MR. STIGI:  I will send an e-mail out just to
17    find out right away.
18                 THE COURT:  The drop-dead date is August 8.
19                 Then she requests that counsel send a joint
20    e-mail to both the Judge and to Cathy Kennedy on or before
21    the 8th advising them as to which date you are picking.
22                 I will have my staff contact Judge Thynge's
23    chambers to indicate that I have offered these dates as
24    possible dates, then she may yell at me, but that's okay.
25    Better her yelling at me than you guys.
```

```
 1                 Hopefully, this will work out for you.  Okay?
 2                 (Counsel respond "Thank you.")
 3                 (Conference concluded at 10:17 a.m.)
 4                              -  -  -
 5     Reporter:   Kevin Maurer
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```